# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

JERRY DELANCEY and
BONNIE DELANCEY                                               PLAINTIFFS

v.                        No. 4:22-cv-1037-DPM

AGCO CORPORATION
and JOHN DOES 1-5                                             DEFENDANTS

## PROTECTIVE ORDER

    **1.**    This Agreed Protective Order shall govern the disclosure of materials designated as Confidential Material in this litigation to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.  Confidential Material shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

    **2.**    For purposes of this Protective Order, Confidential Material shall refer to any document or information consisting of the following:

        a.    Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure and any applicable

       case law interpreting Fed. R. Civ. P. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; claim or litigation information; and nonpublic policies and procedures;

b.   Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data; and

c.   Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); and The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 C.F.R § 160; 45 C.F.R. §§ 164.102–164.106 & §§ 164.500–164.534 (medical information).

3. Confidential Material shall include any type or classification or form of information (oral, written, magnetic, electronic or otherwise) which is designated, pursuant to this Order, as "CONFIDENTIAL" by the producing party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or in a response to a request for admission, information obtained from inspection of premises or things, documents subpoenaed from a third party, or otherwise. The receiving party may make copies of Confidential Material and the copies shall become subject to the same protections as the Confidential Material from which those copies were made.

4. No item shall be deemed Confidential Material if it has been made public by the producing party, is generally known throughout the trade and public, or comes to be known to the receiving party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Order.

5. Any Confidential Material and the information contained therein shall be disclosed only to the following individuals:

    a. The named parties in this litigation, including officers and representatives of corporate parties;

    b. Counsel of record for the parties in this case, including in-house counsel responsible for the litigation;

  c. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

  d. Outside consultants and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel and who are actively engaged in assisting counsel or parties in this action;

  e. Any other person or entity as to whom counsel for the producer or provider of the Confidential Information agree in writing or on the record, or whom the Court direct shall have access to such information; and

  f. During depositions in this action, any person identified as an author of a designated document, or any person who received or otherwise possessed a copy of such document prior to its production in this action.

**6.** Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide those persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require those persons to execute the Affidavit attached as Exhibit A, prior to

the disclosure of Confidential Material. Any court and its staff working on this case may also review Confidential Material.

7. It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Material, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the producing party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

8. Counsel should confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after such objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The

parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

9. The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before any filing under seal. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential," and any related motion, brief, or paper containing that material, under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

10. The provisions of this Order shall not affect, and this Order does not limit, the admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action, subject to the Federal Rules of Evidence.

11. If any party is served with a subpoena from a third party in another matter, and such subpoena arguably seeks information or

documents that have been designated as Confidential Material pursuant to this Order, the subpoenaed party shall promptly give written notice, including a copy of the subpoena, to all other parties in this matter so as to permit any one or more of them an opportunity to timely move to quash or otherwise object to the subpoena.

  **12.** Nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document or information designated as Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

  **13.** This Order will remain in effect for one year after litigation ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Counsel for the parties shall be permitted to retain Confidential Material in their files, subject to this Order.

  So Ordered.

          _____
          D.P. Marshall Jr.
          United States District Judge

          21 April 2023

SO STIPULATED:

KUTAK ROCK LLP

*/s/ Peyton Watts*

Russell Atchley (AR Bar No. 82007)
Peyton C. Watts (AR Bar No. 2020165)
1277 E. Joyce Blvd., Suite 300
Fayetteville, AR 72703-5585
Phone: (479) 973-4200
Fax:    (479) 973-0007
russell.atchley@kutakrock.com
peyton.watts@kutakrock.com

ATTORNEYS FOR DEFENDANT

and

*/s/ Brett McDaniel*

Brett McDaniel (AR Bar No. 2009008)
Jordan Shelby Phillips (AR Bar No. 2015155)
McDANIEL LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
Phone: (870) 336-4747
Fax:    (870) 932-0919
jp@mcdaniellawyers.com

ATTORNEYS FOR PLAINTIFFS

- 8 -

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JERRY DELANCY and**
**BONNIE DELANCEY**                                    **PLAINTIFFS**

v.                       No. 4:22-cv-1037-DPM

**AGCO CORPORATION**
**and JOHN DOES 1-5**                                  **DEFENDANTS**

## AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER

1. My name is _____. I live at _____. I am working on behalf (or at the direction and engagement) of _____.

2. I am aware that a Protective Order has been entered in the above-captioned lawsuit. A copy of this Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as "CONFIDENTIAL" pursuant to such Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with the Order. I hereby agree to abide by such Order, and I agree that the Confidential Materials will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I

understand that use of Confidential Material in any manner contrary to the provisions of the Order may subject me to the sanctions of the Court for contempt and to liability for any damages caused by breach of the Order.

**4.** I shall not disclose nor permit to be reviewed or copied Confidential Materials, or any information derived therefrom, by any person other than the parties and counsel for the parties or members of their staff.

**5.** Within thirty days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

DATED: _____, 20___

_____
                                            Signature

_____
                                            Printed Name

**Page 2**
**Exhibit A, Affidavit of Compliance with Protective Order**